## Joseph Powell, et al., v. The People of the State of Illinois, ex rel. Charles L. Clarke.

### Gen. No. 11,915.

1. CIVIL SERVICE ACT—*section 6 construed.* The words of this section, "with specified limitations as to residence," etc., which qualify the provision that all examinations shall be free to all citizens of the United States, refer to and mean such limitations as the civil service commission may prescribe by their rules and do not refer to or mean the limitations as to residence of officers prescribed by the City and Village Act.

2. RESIDENCE—*when not essential to employment by municipality.* The provision of the City and Village Act which provides that no person shall be eligible to office who is not a qualified elector, etc., has no application to a mere employment by a municipality as distinguished from the holding of an "office" therein, that is to say, a position created by the city council.

*Mandamus* proceeding. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded with directions. Opinion filed July 11, 1905.

**Statement by the Court.** The People of the State of Illinois, on the relation of Charles L. Clarke, filed in the Superior Court, against Powell, Meier and Errant, Civil Service Commissioners of Chicago, and Reynolds, Commissioner of Health of said city, a petition for a *mandamus* commanding said Civil Service Commissioners to strike from the list of eligibles for the position of Chief Sanitary Inspector, the names of Ball, Johnson and Ainge, and commanding said Commissioner of Health not to appoint either Ball, Johnson or Ainge, Chief Sanitary Inspector. The defendants answered the petition and the petitioner demurred to the answer. The demurrer was sustained and the defendants electing to stand by their answer, the court entered final judgment whereby it was ordered that a writ of *mandamus* issue commanding said Civil Service Commissioners to strike from the list of eligibles for the position of Chief Sanitary Inspector the names of Ball, Johnson and Ainge, and the defendants appealed.

Powell v. People.

Maclay Hoyne, Assistant Corporation Counsel, for appellants; Edgar Bronson Tolman, Corporation Counsel, of counsel.

No appearance for appellee.

Mr Presiding Justice Baker delivered the opinion of the court.

We have not been favored with any brief for appellee. The contention of appellants is, that the demurrer should have been carried back and sustained to the petition. The petition avers that the Commisioner of Health requested, in writing, the Civil Service Commissioners to certify to him, in accordance with the Civil Service rules, the names of persons eligible to appointment to the position of Chief Sanitary Inspector; that notice was given and an examination held under the direction of said Commissioners, as the result of which Ball was placed at the head of the list of eligibles for said position, and Johnson, Ainge and the relator were given third, fourth and tenth places, respectively, on said list; that Ball and Johnson were residents of New York, Ainge of Michigan and the relator was an ex-soldier and an elector of Chicago. The petition then avers a demand by the relator, that the Civil Service Commissioners strike from said list the names of Ball, Johnson and Ainge, upon the ground that they were not residents or electors of Chicago, and a refusal by said Commissioners to comply with such request. It further avers a demand on the Health Commissioner not to appoint any of said persons to said petition for the same reason and a refusal to comply with such request. By means whereof it is averred, the relator is kept out of the place and standing on said list to which he was lawfully entitled.

It appears from the petition that the relator's claim to a right to the writ, is based upon the contention that only an elector of Chicago who has resided therein at least one year before his appointment is eligible to the position of Chief Sanitary Inspector.

The Cities and Villages Act as amended June 26, 1895, provides that:

"No person shall be eligible to any office who is not a qualified elector of the city or village and who shall not have resided therein at least one year preceding his election or appointment. Nor shall any person be eligible to any office who is a defaulter to a corporation: *Provided, however,* this shall not apply to the appointment or election of city engineers in incorporated cities and villages: *And provided* that the same shall not apply to the appointment of attorneys in incorporated villages, if such appointee be not a defaulter to the corporation." Laws of 1895, p. 95.

Section 4 of the Civil Service Act provides that the Civil Service Commissioners "shall make rules to carry out the purposes of this Act, and for examinations, appointments and removals in accordance with its provisions." The material parts of section 6 of that Act are as follows:

"Section 6. Examinations. All applicants for offices or places in said classified service, except those mentioned in Section 11, shall be subjected to examination, which shall be public, competitive and free to all citizens of the United States with specified limitations as to residence, age, health, habits and moral character.   *   *   *   The Commission shall control all examinations."

The contention of appellee is, it is said, that the words "with specified limitations as to residence, etc.," in said section 6 refer to such limitations as then were, or in the future may be fixed by statute. With this contention we cannot agree. We think the words with "specified limitations, etc.," refer to and mean such limitations as the Civil Service Commissioners may prescribe by their rules, and do not refer to or mean the limitations as to residence of officers prescribed by the Cities and Villages Act. Section 6, article 6 of the original Cities and Villages Act approved April 10, 1872, provided that: "No person shall be eligible to

any office who is not a qualified elector of the city or village and who shall not have resided therein at least one year preceding his election or appointment, nor shall any person be eligible to any office who is a defaulter to the corporation." Laws of 1871 (1872), 237, 238. In Hurd's Statutes this section appears as Section 77 of the Cities and Villages Act. Doubtless the Act approved June 20, 1895, was intended to amend said section 6, article 6 of the Cities and Villages Act, although it purports to amend section 77 of that Act, and it was not the intention of the legislature by that Act to amend the Civil Service Act which was passed at the same session of the legislature. The Civil Service Act gives to "all citizens of the United States" the right to take the examinations for the classified Civil Service. We cannot doubt but that if the legislature in June, 1895, when the Act in question was passed, had intended to amend the Civil Service Act which was passed in March, 1895, by limiting the right to take examinations under that Act, to electors of the city, such amendment would have been made in express terms.

If, however, it should be held that the words "with specified limitations as to residence, etc.," in the Civil Service Act refer to such limitations, as then were or thereafter might be fixed by statute, the petition must still be held insufficient. Section 2 of article 6 of the Cities and Villages Act provides that the City Council may, by a two-thirds vote, provide for the election or appointment of certain officers, and such other officers as may by said council be deemed necessary or expedient. The statute does not create the office of Chief Sanitary Inspector. The petition contains no averment that the City Council of Chicago has created such office. The position must, therefore, be held to be a mere employment and not an "office" within the meaning of that word as used in the Cities and Villages Act. People v. Kipley, 171 Ill., 44-80; People v. Loeffler, 175 Ill., 585-600; Throop v. Langdon, 40 Mich., 673. The provisions of that Act, by their terms, relate to eligibility to "offices" and do not apply to mere employment.

The petition does not, in our opinion, state facts which en-

title the relator to the writ of *mandamus,* and the judgment of the Superior Court will be reversed and the cause remanded to that court with directions to carry the demurrer back and sustain it to the petition.

*Reversed and remanded with directions.*